**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| PATRICK PIZZELLA, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>Plaintiff, <br><br>v. <br><br>NEXT LEVEL SECURITY SERVICES, LLC d/b/a SMITH INFORMATION SECURITY, LLC, SMITH SECURITY SERVICES, LLC and SI SECURITY, LLC, a corporation; WILLIAM SMITH, JR. individually, and as President and Owner of the aforementioned corporation, <br><br>Defendants. | ) ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Next Level Security Service, LLC, a corporation, d/b/a Smith Information Security, LLC, Smith Security Services, LLC and SI Security, LLC, and William Smith, Jr., individually, and as President and Owner of the aforementioned corporation (collectively, "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Next Level Security Services, LLC ("Next Level"), is, and at all times hereinafter referenced was, a corporation duly organized under the laws of Maryland, with its principal office at 8115 Fenton Street Suite 309, Silver Spring, Maryland, 20910 which is within the jurisdiction and venue of this Court. Defendant Next Level is a security company that provides security services to companies located in Maryland, Virginia, and the District of Columbia.

3. Defendant William Smith, Jr. is, and at all times hereinafter referenced was, the owner and President of Next Level. Defendant William Smith, Jr. does, and at all times hereinafter mentioned did, business in Silver Spring, MD, and has overseen the daily operations of the businesses located at 8115 Fenton Street Suite 309, Silver Spring, Maryland, 20910. Defendant William Smith, Jr. maintains 100% ownership interest in Next Level. Defendant William Smith, Jr. is, and at all times hereinafter mentioned was, actively involved in the day to day operations of the business, including hiring and firing employees, setting employees pay rates, assigning work assignments, and making decisions involving the operation of the company. Defendant William Smith, Jr. acted directly or indirectly in the interest of Next Level in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

4. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing security services in the furtherance of the business purposes of Defendants' unified business entity.

5. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Specifically, employees provide security services to instrumentalities of interstate commerce, such as manufacturing or service facilities, where goods are produced for interstate commerce, and department stores or distribution depots with goods which, by nature, have been shipped and not yet come to rest in interstate commerce. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

6. During the period from November 6, 2015 to November 5, 2018 ("the investigative period") and continuing through the present time, Defendants employed individuals as security guards/officers. The employees listed in the attached Schedule A were and are primarily employed by Defendants (collectively referred to hereinafter as "Employees") at some point during the investigative period.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for hours worked over 40 in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

    a. For example, during the investigative period, Defendants failed to compensate its employees who worked over 40 hours in a workweek one and one-half times their regular rate. Defendants paid straight time for all hours worked over 40 in a workweek. Additionally, Defendants paid employees two checks to conceal overtime hours – one check for 80 hours during a two-week pay period and a second check at the employee's regular rate for hours worked over 80 during the pay period. Defendants' practice of paying employees straight time for all hours worked over 40 in a workweek violated Sections 7 and 15(a)(2) of the Act.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees' hours, payments, and deductions as prescribed by the regulations found at 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve accurate records of employees' daily and weekly hours worked, hourly rates, and wages paid. 29 C.F.R. §§ 516.2(a)(1)-(4).

9. As a result of the violation alleged above, amounts are owed for hours worked that were paid at rates less than the rate set forth in Section 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to the Plaintiff.

10. During the investigative period, Defendants continually and willfully violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the

violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(b) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of November 6, 2015 through at least November 5, 2018, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after November 5, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(c) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

**UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450
(202) 693-9393(voice)
(202) 693-9392 (fax)
jones.chervonti.j@dol.gov

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah A. Williams
Regional Wage and Hour Counsel

*/s/* Chervonti Jones

July 22, 2019

Chervonti Jones

**Schedule A**

1. Sunday Agbanigo
2. Shanna Anderson
3. Mikel Barnes
4. Dimitrius Benbow
5. Tyrone Benton
6. Mbock Bissou
7. Denice Briscoe
8. Antonio Brown
9. Demetrius Bynum
10. Jasper Coleman
11. Germaine Davidson
12. Paul Dupree
13. Claude Etoune
14. Cynthia Farlow
15. Michaela Ford
16. Audrey Gibbs
17. Keyana Gibbs
18. Angela Gibson
19. Jessica Goodman
20. Audrey Graham
21. Kevin Green
22. Shawnta Hall
23. Linda Hathorne
24. Sheena Hayes
25. Harry Herbert
26. Jamal Herbert
27. Rochelle Hill
28. Dilonte Holiday
29. Patchely Itoua
30. Tiffany Jamison
31. Leon Jones
32. Biegaing Kamdem
33. Myisha King
34. William King
35. Jeffrey Knight
36. Henri Kouatchoutchuitcha
37. Vida Kwashie
38. Nigel Mac-Johnson
39. Anthony Marrow
40. Kenneth McDonald
41. Deichristoff McGhee
42. Tyra McNeal
43. Kevon Mills-Thomas

44. Luc Ndl
45. Yvette Newman
46. Emmanuel Nwaogu
47. Japhlet Nwaogu
48. Tammy Odoms
49. John Onyejiaka
50. Danjae Poyser
51. Darrel Phillips
52. Darrell Phillips
53. Rashawn Pope
54. Vincent Price
55. Andrea Rodney
56. Vella Ruano-Cifuentes
57. Rodney Schroen
58. Micheal Seabrooks
59. Chante Shaw
60. Joseph Shepherd
61. Chante Smith
62. Lafeyette Smith
63. Maurice Smith
64. Charles Speight
65. Javon Swann
66. Gregory Tooks
67. Melvin Tutt
68. Anthony Washington
69. Barbara White
70. Daniel White
71. Corlando Williams
72. Jerry Williams
73. Vincent Wood
74. Yvonne Yarboro
75. Harold Yonghue