**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

AL STEWART,                                      *
ACTING SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF          *
LABOR
                                                          *

      **Plaintiff**                                       *

                                                          *          **Case No.: 8:19-cv-2144-PWG**

 v.                                                     *

NEXT LEVEL SECURITY SERVICES,        *
LLC d/b/a SMITH INFORMATION
SECURITY, LLC, SMITH SECURITY           *
SERVICES, LLC and SI SECURITY, LLC,    *
a corporation; WILLIAM SMITH, JR.
individually, and as President and Owner of    *
the aforementioned corporation,
                                                          *
      **Defendants.**
                                                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Patrick Pizzella, while still serving as acting Secretary of Labor to the U.S. Department of Labor (the "Department"),[1] filed suit against Defendants Next Level Security Services, LLC d/b/a Smith Information Security, LLC, Smith Security Services, LLC, and SI Security, LLC ("Next Level"), a corporation; and William Smith, Jr. (Collectively "Defendants"), alleging violations of the Fair Labor Standards Act of 1938, as amended, 19 U.S.C. § 201, *et seq.*  Compl., ECF No. 1. Plaintiff seeks to recover back wages for several of Defendants' employees as well as liquidated damages.  *Id.*  Defendants were served and have not responded, and the Clerk filed an entry of

---

[1]     As of this Memorandum Opinion's filing, Al Stewart is the acting secretary. Accordingly, pursuant to Fed. R. Civ. P. 25(d), the clerk's office is directed to substitute Acting Secretary Stewart for Acting Secretary Pizzella in this case.

default against Defendants on February 3, 2020.  ECF No. 12.  Plaintiff, through then-Secretary of Labor Eugene Scalia, filed the pending Motion for Default Judgment on June 18, 2020.  ECF No. 15.  Again, Defendants failed to respond.  Having reviewed the motion, I find a hearing is unnecessary.  *See* Loc. R. 105.6 (D. Md. 2018).  Plaintiff has shown Defendants' liability, established liquidated damages, and is awarded $138,775.78 for back wage compensation plus $138,775.78 in liquidated damages.  Accordingly, Plaintiff's Motion for Default Judgment is GRANTED for $277.551.56 in favor of the Plaintiff.  I will also award Plaintiff injunctive relief.

### Factual Background

William Smith, Jr. owns and serves as president of Next Level, a Maryland entity.  Compl. ¶ 3. Mr. Smith is and was "actively involved in the day to day operations of the business, including hiring and firing employees, setting employees pay rates, assigning work assignments, and making decisions involving the operation of the company."  *Id*.  Defendants provide security services to instrumentalities of interstate commerce and "have had annual gross volume sales made or business done of not less than $500,000."  *Id*. ¶ 5.  Plaintiff lists in Schedule A, attached to the complaint, 75 employees who worked for Defendants from approximately November 6, 2015 through November 5, 2018.  *Id*. ¶ 6; Exh. 1 to Mot., ECF No. 15-3.  Plaintiff states that the listed employees regularly worked in excess of forty hours per week, but were not compensated at the required overtime rate of one and one-half times the regular hourly rate.  *Id*. ¶ 7.  Additionally, Plaintiff states that Defendants "failed to make, keep, and preserve adequate and accurate records of their employees' hours, payments, and deductions" such as daily and weekly hours worked and wages paid.  *Id*. at 8.

On July 22, 2019, Plaintiff filed suit against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Compl. ¶ 1.  Plaintiff

served Next Level on October 3, 2019, ECF No. 6, and Mr. Smith on October 23, 2019, ECF No. 9. In accordance with Rule 12(a) of the Federal Rules of Civil Procedure, Defendants' Answer to the Complaint was due to be filed on or before October 24, 2019 as to Next Level and November 12, 2019 as to Mr. Smith. The time within which Defendants could answer or otherwise defend has long since expired. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk issued an Entry of Default as to each defendant on February 3, 2020. ECF Nos. 13, 14. The Defendants still have not responded, and now pending is this Motion for Default Judgment, filed by the Plaintiff on June 18, 2020. ECF No. 15.

## Standard of Review

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a party moves for default judgment. First, the rule provides that "when a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No. 14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see* Fed. R. Civ. P. 55(b). "The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.'" *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.*

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court

3

may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

**Discussion**

Plaintiff's well-pleaded factual allegations, taken as true, establish liability under the FLSA. The FLSA requires employers to pay one-and-one-half times regular hourly rates for any hours worked in excess of forty per week:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Plaintiff submitted as attachments to the motion for default judgment exhibits containing: a summary of unpaid wages (Form WH-56); back wage computations; employee interview statements regarding overtime hours worked at regular pay; and payroll records. Exhs. 3–6 to Pl.'s Mot., ECF Nos. 15-5 to 15-8. The exhibits provide data showing defendants failed to adequately compensate employees for overtime hours worked; Plaintiff alleges the employees listed in Schedule A were never paid at the rate of one and one-half the regular hourly rate. Pl.'s Mot. 5.

In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), *superseded by statute on other grounds as stated in Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 799 (D. Md. 2010), the Supreme Court acknowledged the hurdle that employees face when employers lack records of wages and hours. Employees "seldom keep such records themselves," and dismissing their claim

4

as insufficient for failing "merely to offer an estimated average of overtime worked" created a penalty that incentivized employers to not keep "proper records in conformity with their statutory duty." *Id.* at 686–87. Seeking to set a fair and proper standard for the employee to meet, the Court held that an employee has carried out his burden if he proves "the amount and extent of that work as a matter of just and reasonable inference," which shifts the burden to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference." *Id.* at 688–89.

Here, in determining the overtime hours for which the employees were not paid, a Department of Labor Wage and Hour Investigator ("WHI") Christopher Harvey reconstructed overtime hours based on both the limited records that were available and employee witness statements. Pl.'s Mot. 12; Exhs. 5, 6, and 7 at ¶ 11. Based on available records, WHI Harvey determined overtime hours worked from November 5, 2015 through October 31, 2016. Pl.'s Mot. 12; Exhs. 5, 6, and 7 at ¶ 11. However, the available records do not reflect overtime hours from November 1, 2016 through November 5, 2016. Pl.'s Mot. 12. The records instead showed 80 hours per pay period, with no documentation of overtime hours. Pl.'s Mot. 12; Exhs. 5, 6, and 7 at ¶ 11. To determine back wages during this second period, where records were lacking, WHI Harvey relied on work hours set forth in employee witness statements. Exhs. 4, 5, and 7 at ¶ 12. Following a series of calculations based on the available records, WHI Harvey determined that Defendants owe employees $ 138,775.78 in back wages stemming from the overtime violations. Exh. 7 at ¶¶ 12–13.

Defendants were entitled to challenge the reasonableness of these inferences by presenting employment records. They failed to do so within the time allotted to file an Answer in accordance with Rule 12(a) of the Federal Rules of Civil Procedure. *See Anderson*, 328 U.S. at 688–89. Thus,

I adopt Plaintiff's records as true in light of Defendants' default.  *See Ryan*, 253 F.3d at 780. Defendants are therefore liable to Plaintiff under the FLSA for the difference between the overtime rate and her regular hourly rate for the hours worked in excess of forty hours per week.

### Statute of Limitations

When an employer willfully violates the FLSA, the statute of limitations, which otherwise would be two years, becomes three years. 29 U.S.C. § 255(a); *see Sanchez Carrera v. EMD Sales, Inc.*, No. JKB-17-3066, 2019 WL 3946469, at *15 (D. Md. Aug. 21, 2019).  An employer acts willfully if it "'knew or showed reckless disregard for the matter of whether its conduct' violated the Act." *Id.*, at *15 (quoting *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988))).  This typically is a question of fact, and the employee has the burden of proof of willfulness.  *Id.*  (quoting *Mountaire Farms*, 650 F.3d at 375); *see Calderon v. GEICO Gen. Ins. Co.,* 809 F.3d 111, 130 (4th Cir. 2015).

> An employer recklessly disregards the Act's requirements "if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." 29 C.F.R. § 578.3(c)(3). A "good-faith but incorrect assumption that a pay plan complied with the FLSA in all respects" is not a willful violation. *Mould v. NJG Food Serv. Inc.*, 37 F. Supp. 3d 762, 772 (D. Md. 2014) (quoting *Richland Shoe*, 486 U.S. at 135). Mere negligence or unreasonableness does not establish willfulness without evidence of recklessness. *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011) (citing *Richland Shoe*, 486 U.S. at 135).  Instead, a party demonstrates willfulness by "choosing to remain ignorant of legal requirements or by learning of those requirements and disobeying them."  *Chao v. Self Pride, Inc.*, 232 F. App'x 280, 287 (4th Cir. 2007) (unpublished table decision).

*Sanchez Carrera*, 2019 WL 3946469, at *15.  For example, in *Aguilar v. ALCOA Concrete & Masonry, Inc.*, the employee alleged that his employer required him to work overtime and was aware of his overtime hours, yet "still 'failed to properly compensate him for it,' instead paying him a standard lump sum, regardless of his actual hours worked."  No. TDC-15-0683, 2015 WL 6756044, at *2 (D. Md. Nov. 4, 2015).  This Court concluded that "[t]hese allegations, taken as

6

true, establish that Defendants knew that Aguilar was working overtime and that they were not compensating him for that overtime, and thus permit the reasonable inference that Defendants were either actively or recklessly disregarding the requirements of the FLSA." *Id.*

Likewise, here, the well-pleaded facts, taken as true due to defendants' default, *see Ryan*, 253 F.3d at 780, establish that the defendant-employer failed to pay a premium rate of at least one and one-half times the regular rate for overtime hours worked, despite knowing that the Employees were working overtime. The Court finds particularly persuasive the fact that defendants paid employees with two checks starting in November of 2016, with one check compensating employees for 80 hours of wages, and a second check compensating them for any hours over 80 during the pay period, but without the overtime premium. Pl.'s Mot. 5; Exh. 7 at ¶ 11. Nor is there any evidence in the record that the employer made any inquiries to determine whether the law required any level of overtime compensation. Thus, the undisputed facts support a finding that defendants acted willfully in disregarding the FLSA's overtime pay requirements, and therefore a three-year statute of limitations applies. *See* 29 U.S.C. § 255(a); *Sanchez Carrera*, 2019 WL 3946469, at *15.

## Damages

To calculate damages, a reviewing court "may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Joe Hand Promotions, Inc. v. Hanaro Bethesda, Inc.*, No. WGC-11-191, 2012 WL 2366378, at *4 (D. Md. June 20, 2012). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Flores v. City Certified Bldg. Servs., Inc.*, No. ELH-16-2135, 2016 WL 6780209, at *3 (D. Md. Nov. 16, 2016) (quoting *Lopez v. Lawns 'R' Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008)). Furthermore, "this court has awarded damages for unpaid wages based on a Plaintiff's declaration asserting the average

number of hours he worked." *Sanabria v. Cocody, Inc.*, No. DKC 16-0365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017).

The spreadsheet and declaration from WHI Harvey submitted on behalf of the employees detail the hours worked from November 6, 2015 through November 5, 2018.  The Court adopts this information in full as well-pleaded allegations of fact construed as true following entry of default.  *See Ryan*, 253 F.3d at 780; *see also Flores*, 2016 WL 6780209, at *3.  Accordingly, Plaintiff is entitled to $138,775.78 in lost overtime wages.

## Liquidated Damages

Pursuant to the FLSA, an employer who withholds overtime compensation "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) (emphasis added); *see also id.* § 260 (allowing discretionary authority to the Court to award no additional liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA.").  In this case, the Department seeks liquidated damages under § 216(c) on behalf of the employees.  Pl.'s Mot. 14. Indeed, liquidated damages are the norm when an employer violates the FLSA.  *See Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997); *Sanabria v. Cocody, Inc.*, No. DKC-16-0365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017) ("[I]t has become customary in this district to award double damages under the FLSA . . . when the 'defendants [do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but the] plaintiffs [do] not offer any evidence of consequential damages suffered because of the underpayments.'") (quoting, *e.g., Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012)) (report

and recommendation).  The only recourse for a Defendant to avoid liquidated damages—which is inapplicable here—is to prove by a preponderance of evidence that they violated the FLSA in good faith, according to 29 U.S.C. § 260.  But establishing this affirmative defense is not possible where a defendant defaults, and therefore I find Plaintiffs are entitled to liquidated damages.

### Injunctive Relief

The Court, in its discretion, may grant injunctive relief "for cause shown, to restrain violations" of both the recordkeeping and overtime compensation provisions of the FLSA.  *See* 29 U.S.C. § 217; *see also Acosta v Mezcal*, No. JKB-17-0931, 2019 WL 2550660, at *11 (D. Md. June 20, 2019) (noting that injunctive relieve is available for violations of "the FLSA's minimum wage and overtime provisions"); *Acosta v. Vera's White Sands Beach Club, LLC*, No. 16-782-PX, 2019 WL 1767147, at *6 (D. Md. Apr. 22, 2019) ("If an employer fails to comply with § 211(c)'s recordkeeping requirements, the Secretary may seek injunctive relief to include restraining future violations of recordkeeping requirements.") (citing 29 U.S.C. § 217; *Chao v. Self Pride, Inc.*, No. RDB 03-3409, 2006 WL 469954, at *11 (D. Md. Jan. 17, 2006)).  To determine whether to grant injunctive relief, the Court "look[s] at many factors[,] . . . including the employer's previous conduct, its current conduct, and the reliability of its promises of future compliance."  *Mezcal*, 2019 WL 2550660, at *11 (quoting *Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997); citing *Chao v. Va. Dep't of Transp.*, 157 F. Supp. 2d 681, 690 (E.D. Va. 2011) (noting similar tests applied by five other federal appeals courts), *rev'd in part on other grounds*, 291 F.3d 276 (4th Cir. 2002)).  In doing so, the Court "must give 'substantial weight to the fact that the [Department] seeks to vindicate a public, and not a private, right.'"  *Id.* (quoting *Martin v. Funtime, Inc.*, 963 F.2d 110, 113 (6th Cir. 1992)).  Indeed, when the Department shows that the employer violated these FLSA provisions, "the district court should ordinarily grant injunctive relief, even if the

employer is in present compliance." *Marshall v. Van Matre*, 634 F.2d 1115, 1117 (8th Cir. 1980) (quoted in *Mezcal*).

Here, there is no evidence of past compliance or intent to comply in the future on the part of the employers because they are in default.  Such circumstances heavily favor an injunction.  Moreover, "the injunction would require nothing more than compliance with Defendants' pre-existing legal obligations," and therefore "it imposes no hardship and is consistent with the public interest." *See Mezcal*, 2019 WL 2550660, at *11.  Accordingly, I will grant the Department's request for injunctive relief to ensure Next Level and Smith's compliance with the FLSA recordkeeping and overtime compensation requirements.  *See id.*

## Conclusion

In sum, Defendants are jointly and severally liable for willfully violating the recordkeeping and overtime compensation provisions of the FLSA, and they have not shown that their violations were in good faith.  Therefore, a three-year statute of limitations applies, and the Department is entitled to recover back wages and liquidated damages for the period of November 6, 2015 through November 5, 2018, totaling $277.551.56.  Further, I will grant injunctive relief to ensure Next Level and Smith's compliance with the FLSA recordkeeping and overtime compensation requirements.  Accordingly, the Department's Motion for Default Judgment, ECF No. 15, is GRANTED.

A separate order implementing this Memorandum Opinion will issue.

DATED this <u>3rd</u> day of <u>February</u>, 2021.

BY THE COURT:

_____/S/_____

Paul W. Grimm
United States District Judge

10